E-filed 1/4/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO M. HEREDIA, | Case No.16-cv-04031-HRL |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| ANA BOYD, | Re: Dkt. No. 9 |
| Defendant. | |

Pro se plaintiff Ernesto Heredia ("Heredia") sues defendants Ana Boyd ("Boyd") and West Valley Staffing Group ("West Valley") for discriminatory failure to hire on the basis of race or national origin and age pursuant to Title VII and the Age Discrimination in Employment Act ("ADEA").  Dkt. No. 1.  Defendants move to dismiss for untimely service of process,[1] failure to state a claim upon which relief may be granted, and exceptional circumstances under *D.A. Osuthorpe Family Partnership v. ASC Utah, Inc.*, 705 F.3d 1223, 1233-34 (10th Cir. 2013), and further request that the court sua sponte revoke Heredia's in forma pauperis status.  Dkt. No. 9. Heredia failed to file an opposition to the motion to dismiss.  All parties have consented to magistrate judge jurisdiction.  Dkt. Nos. 5, 16.

Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for decision without oral argument and vacates the hearing scheduled for January 10, 2017.  For the reasons explained below, the court grants the motion to dismiss.

### BACKGROUND

Heredia alleges that he was denied employment by West Valley Staffing Group.  Dkt. No.

---

[1] Pro se plaintiffs proceeding in forma pauperis, however, are entitled to rely on the U.S. Marshal for service, and should not be penalized for delays on the part of court personnel. *Jensen v. Knowles*, 621 F. Supp. 2d 921, 930 (E.D. Cal. 2008).

United States District Court
Northern District of California

1.  His brief complaint contains the following allegations: "I . . . believe that I am denied hire because of my age." *Id.*, at ¶ 4.  "Defendant's conduct is discriminatory with respect to . . . [my] race or color [and m]y age." *Id.*, at ¶ 5.  And: "I applied for positions at the respondent, on March 11, 2016.  Amit Tandel sent an email to call or email him.  I did so but I have not heard from him.  Amit Tandel is East Indian and younger than I.  I believe that [I] am denied hire because of my national origin (Hispanic), in violation of title VII . . . ." *Id.*, at ¶ 6.  Heredia applied for and this court granted leave to proceed in forma pauperis.  Dkt. Nos. 2, 6.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must allege sufficient facts to state a claim for relief that is facially plausible.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Complaints that merely recite the elements of a claim are insufficient. *Id.*  In considering a motion to dismiss, a court accepts all of the plaintiff's factual allegations as true and construes the pleadings in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## DEFENDANTS' REQUESTS FOR JUDICIAL NOTICE

Generally, district courts are limited to the materials contained in and attached to the pleadings in ruling on a 12(b)(6) motion.  Courts may, however, without turning the motion to dismiss into a motion for summary judgment, take judicial notice of facts that are not subject to reasonable dispute and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as well as matters of public record.  *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal., Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).  "It is well established that the Court may take judicial notice of records from other proceedings not to credit the truth of the allegations or facts set forth therein, but rather 'for purposes of noticing the existence of the [prior] lawsuit, the claims made in the lawsuit, and the fact that various documents were filed therein.'"  *Acasio v. San Mateo County*, No. 14-cv-04689-JSC, 2015 WL 5568345, at *1, n.1 (N.D. Cal. Sep. 22, 2015) (quoting

United States District Court
Northern District of California

1  *McMunigal v. Bloch*, No. C 1002765 SI, 2010 WL 5399219, at *2 (N.D. Cal. Dec. 23, 2010)).

2       Accompanying their motion to dismiss, defendants filed a request for judicial notice,

3  asking the court to take notice of 11 items, all documents from other judicial proceedings.  The

4  documents include two state court complaints filed by Heredia alleging discrimination against the

5  defendants in this case, four state and three federal complaints filed by Heredia against other

6  employment agencies, the complaint in this action, and a proposed order in one of the state court

7  actions against the current defendants. Dkt. No. 11.  The court takes judicial notice of the

8  requested documents.  *Acasio*, 2015 WL 5568345, at *1, n.1 (taking notice of the existence of a

9  state court complaint and an order from another court granting a motion for judgment on the

10  pleadings).

11                                **DISCUSSION**

12       Individual defendants cannot be held liable for damages under Title VII or the ADEA.

13  *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583-587-88 (9th Cir. 1993).  As a result, the court grants

14  the motion to dismiss Heredia's claims with respect to defendant Boyd.  The court further denies

15  Heredia leave to amend the claims as against Boyd, as amendment would be futile.

16       With respect to the remaining defendant, Heredia fails to allege sufficient facts to allow the

17  court to draw a reasonable inference that defendant West Valley Staffing Group is liable for

18  discrimination on the basis of age, race, or national origin.  "A prima facie case of discriminatory

19  failure to hire requires a showing that: (1) [plaintiff] belongs to a protected class; (2) he was

20  qualified for the position; (3) he was rejected despite his qualification; and (4) the position

21  remained open."  *Millsaps v. Pinal County Superior Court*, 494 F. App'x 821, 823 (9th Cir. 2012).

22  Heredia does not allege that he is qualified for the positions for which he applied, nor does he

23  allege that the positions remained open or that they were filled by younger individuals or

24  applicants of other races.  Heredia does not even allege his own age.  The only factual content in

25  Heredia's complaint—that a younger, unidentified man of East Indian descent did not respond to

26  an e-mail or phone call—does not yield any inference of discrimination on the basis of race, age,

27  or national origin.  Heredia's conclusory statements alleging such discrimination are insufficient.

28  The court thus grants the motion to dismiss the claims as against defendant West Valley Staffing

Group.[2]

## CONCLUSION

The court grants defendants' motion to dismiss.  The court grants Heredia leave to file an amended complaint as to the existing claims alleged against defendant West Valley Staffing Group within 21 days of the date of this order, but denies leave to amend the claims alleged against defendant Boyd.  Heredia shall not add any new claims without first seeking leave of the court.

**IT IS SO ORDERED.**

Dated: 1/4/2017

_____
HOWARD R. LLOYD
United States Magistrate Judge

[2] As the court grants the motion to dismiss for failure to state a claim upon which relief may be granted, it declines to review defendants' requests to dismiss for exceptional circumstances under *Osuthorpe* or to revoke Heredia's in forma pauperis status.